**MID–AMERICA, INC., Appellee,**

v.

**Muthu SHAMAIENGAR and Shanta Shamaiengar, Appellants.**

**No. 83–1489.**

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1983.

Decided Aug. 15, 1983.

Edward F. Pohren, Dwyer, O'Leary & Martin, P.C., Omaha, Neb., for appellants.

Thomas E. Whitmore, Thomas E. Whitmore, P.C., Omaha, Neb., for appellee.

Before LAY, Chief Judge, BROWN [*], Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Mid-America, Inc., brought this diversity case for breach of contract against Muthu Shamaiengar and Shanta Shamaiengar, residents of Virginia. The parties had agreed that the defendants would give the plaintiff plans and specifications for a fuel alcohol plant invented by Muthu Shamaiengar, and that defendants would spend a specified number of days supervising construction of a prototype fuel alcohol plant at the construction site for the plant. The contract itself did not specify the location where the plant was to be built, but it was agreed that the plaintiff would have the right to choose that location, and all parties agree that at some point Stacyville, Iowa, was designated as that location. The complaint alleges that the Shamaiengars broke their agreement and did not come to Iowa to aid in the construction of the plant. The question presented is whether the District Court[1] properly denied defendants' motion to dismiss for want of jurisdiction over their persons. The District Court certified, and we allowed, an interlocutory appeal under 28 U.S.C. § 1292(b).

We affirm, substantially on the basis of the District Court's two well-reasoned orders. Iowa was the place of performance agreed to by the parties. It is immaterial, in our view, that the designation of the place of performance took place after the

---

[*] The Honorable Bailey Brown, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern and Southern Districts of Iowa.

**62**

written contract was signed, because that designation, far from being simply a unilateral act of plaintiff, was made by plaintiff with defendants' full authorization. Defendants promised, in other words, that they would come to whatever location plaintiff designated for the plant. The complaint alleges that they broke this promise. In doing so, they inevitably caused economic consequences of some magnitude within the State of Iowa. It is therefore not unreasonable for them to have anticipated being haled into the courts of Iowa to defend their alleged breach of contract.

The case most nearly in point is *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27 (8th Cir.1973). There, jurisdiction over a nonresident defendant was upheld on the basis of the defendant's promise of performance of a customized contract within the forum state. We are not persuaded that defendants' suggested distinctions of *Gardner* are well taken. Certainly if defendants had kept their agreement, they would have come to Iowa, and they would have invoked the benefit and protection of the laws of Iowa. In our view, this is a sufficiently significant contact with the forum to avoid any fundamental unfairness in subjecting defendants to suit in it. *Cf. Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 261 (8th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979) (approving the American Law Institute rule allowing venue in any district in which a substantial part of the events *or omissions* giving rise to the claim occurred).

This is not a case in which defendants are being held suable in Iowa simply because it was foreseeable that certain consequences would occur in Iowa, or because other parties to the contract were to do certain acts there. Here, defendants themselves, according to plaintiff's theory of the case, which we accept arguendo for present purposes, undertook to come to Iowa and engage in substantial economic activity.

The judgment denying the motion to dismiss the complaint is affirmed.